UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
January 16, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____MGR_____
DEPUTY

| | |
|---|---|
| MARIELA HERNANDEZ RODRIGUEZ, | § |
| Petitioner, | § § § |
| v. | § § |
| KRISTI NOEM *et al.*, | § § |
| Respondents. | § § |

CIVIL NO. SA-25-CV-1591-OLG

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Mariela Hernandez Rodriguez's Original Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Request for Declaratory and Injunctive Relief (Dkt. No. 1), to which Respondents have responded (Dkt. No. 10).

Based on the pleadings, the relevant facts in this case are essentially undisputed: Petitioner is a citizen of Cuba, who entered the United States without inspection on January 24, 2022. *See* Dkt. Nos. 1 at 5, 10 at 1–2. This proceeding turns entirely on whether Petitioner is a detainee subject to § 1225(b) or § 1226(a). *See Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220–21 (BIA 2025). If Petitioner is subject to § 1225(b), her detention is mandatory. If Petitioner is subject to § 1226(a), her detention is discretionary and she is therefore entitled to a bond redetermination before an immigration judge.

Having already resolved this question against Respondents' position in other habeas cases,[1] the Court required Respondents to consider its prior orders and identify in their response any material differences between the facts of this case and the facts presented in those cases. *See*

---

[1] *See Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Order Granting Petition for Writ of Habeas Corpus (W.D. Tex. Dec. 15, 2025); *Rahimi v. Thompson*, No. SA-25-CV-1338-OLG, Order Granting in Part Petition for Writ of Habeas Corpus (W.D. Tex. Dec. 4, 2025); *Mendoza Euceda v. Noem*, No. SA-25-CV-1234-OLG, Order Granting in Part Petition for Writ of Habeas Corpus (W.D. Tex. Nov. 17, 2025).

Dkt. No. 5. On December 22, 2025, Respondents responded to the Petition. *See* Dkt. No. 10. In their response, they identify no material difference between this case and those cases. *Id.* at 9–10. In light of the Court's prior decisions, *see supra* note 1, it will grant the Petition and order that Petitioner be given a bond hearing or released within 14 days.

Petitioner Mariela Hernandez Rodriguez's Original Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Request for Declaratory and Injunctive Relief (Dkt. No. 1) is therefore **GRANTED IN PART** in that Respondents must provide Petitioner with a bond hearing pursuant to § 1226(a) **within 14 days** from the date below, or release her. Respondents must file an advisory as to the status of Petitioner's bond hearing, if any, **no later than 21 days** from the date below.

The Petition is **DENIED IN PART** to the extent Petitioner seeks to recover attorney's fees under the Equal Access to Justice Act. *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023) ("[T]he EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions."), *cert. denied*, 144 S. Ct. 553 (2024).

Any non-habeas claims are **DISMISSED WITHOUT PREJUDICE**. *See Ndudzi v. Castro*, No. SA-20-CV-492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020) ("The payment of the $5 habeas filing fee relegates this action to habeas relief only. One cannot pay the minimal habeas fee and pursue non-habeas relief.").

All other pending motions are **DISMISSED AS MOOT**.

This case is **CLOSED**.

It is so **ORDERED**.

**SIGNED** on January __16__, 2026.

_____
ORLANDO L. GARCIA
United States District Judge